Merrimack,
No. 4404.

EMPLOYERS MUTUAL LIABILITY INSURANCE CO.

*v.*

WILLIAM ALBERT BYERS *& a.*

Argued May 3, 1955.

Decided June 22, 1955.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* (*Mr. Nassikas* orally), for the plaintiff.

*William D. Tribble* for the defendants Byers; (by brief and orally), for Albert C. Byers.

*Sulloway, Jones, Hollis & Godfrey* for the defendants, Damon Van Utt and Vandermoor Van Utt, co-executors, furnished no brief.

LAMPRON, J. The issue to be decided is what is meant by "the insured" in that clause of the policy which provides that for any payment made solely because of the requirements of a financial responsibility law "the insured" shall reimburse the company. This clause is applicable because the truck was being operated with the permission of Albert, the named insured, towing a trailer not covered by like insurance in the company. Hence there was no coverage except for the financial responsibility law.

In paragraph III the policy states that the "unqualified word 'insured' includes the named insured" and any person using the insured vehicle with his permission. It does not follow, however, that the word "insured" was intended to mean in all contexts and circumstances both the named and the additional insured. In *Howe* v. *Howe*, 87 N. H. 338, 341, this court held that while the duty of cooperation imposed by a policy upon the assured was an obligation of the husband who had sought the protection of the policy as an additional insured, it was not an obligation of the named insured, his wife, who recovered in tort against him. It was there stated that the requirements of the provision in question were "only meant to apply, in fact, they only have sensible meaning, when the assured is a defendant and when the insurer has assumed the defence."

In our opinion the same principle should apply here. A person in the position of the named insured would not reasonably understand (*Fireman's Ind. Co.* v. *Associates*, 97 N. H. 434, 436) that the obligation to reimburse was intended to be his in a case where there was no occasion for him to seek the protection of the policy, and where the liability of the company arose solely out of the negligence of an additional insured with which he was not chargeable. In other words, we conclude that the parties intended that only the insured who invokes the protection of the policy should have the obligation to reimburse the company under the clause in question. See, Risjord and Austin, Who Is "The Insured?" 5 Federation of Insurance Counsel, 52, 61 (1954).

*Exception sustained.*

All concurred.